FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD W. ROUSH and JAMES H. HUNTER,<br><br>                         Plaintiffs,<br><br>    v.<br><br>AKAL GROUP OF COMPANIES, LLC, doing business as Akal Security, Inc.,<br><br>                         Defendant. | NO:  2:17-CV-358-RMP<br><br>JURY TRIAL SCHEDULING ORDER |

A telephonic scheduling conference was held in this matter on December 12, 2017.  Plaintiffs Ronald W. Roush and James H. Hunter appeared *pro se*.  William M. Symmes and Stanley F. Corbit appeared on behalf of Defendant Akal Group of Companies, LLC.  The Court has reviewed the parties' Joint Status Certificate, ECF No. 5, has heard from counsel, and is fully informed.  Accordingly, **IT IS HEREBY ORDERED:**

　　**1.    *Motion Practice***

　　　　(a)  All parties shall adhere to LR 7.1.

JURY TRIAL SCHEDULING ORDER ~ 1

(b)  Motions to Expedite, if any, shall be filed separately and noted for hearing at least seven (7) days from the date of filing, pursuant to LR 7.1(h)(2)(C).  If the matter needs to be heard on a more immediate basis, the party filing the motion shall advise chambers of such.

(c)  All non-dispositive motions will be heard without oral argument unless oral argument is requested and approved by the Court.  If an in-person argument is desired, the parties must advise the Court why an in-person argument would be appropriate when contacting the Court to schedule the hearing.

(d)  All dispositive hearings in which oral argument has been requested shall be set for in-person appearance; however, the parties may request to appear telephonically or by video conference.

(e)  **Speaker phones are not compatible with the Court's sound system and may not be used**.

(f)  Notwithstanding the foregoing procedure, the Court may decide that oral argument is not warranted and proceed to determine any motion without oral argument.

**2.    *Initial Disclosures***

Pursuant to Fed. R. Civ. P. 26(a)(1), the parties shall disclose the following:

(a)  A list of all individuals, including addresses and phone numbers, if known, who are likely to have discoverable information relevant to any issue in the case;

(b)  A copy or description of all documents and tangible things that may be relevant to any issue in the case;

(c)  A computation of any damages claimed by any party; and

(d)  A description of any insurance agreement that must be made available for inspection and/or copying.

**3.**    Any motion to amend pleadings or add named parties shall be filed and served on or before **January 23, 2018**, or meet the standard of Fed. R. Civ. P. 16(b)(4).

**4.    *Expert Disclosures***

The parties shall exchange the materials identified in Fed. R. Civ. P. 26(a)(2)(B) in accordance with the following schedule, but shall not file these materials with the Court.

(a)  Each party shall identity its experts and serve written reports as required by Rule 26(a)(2) on all other parties no later than **May 31, 2018**.

(b)  Each party shall identify its rebuttal experts and serve written reports as required by Rule 26(a)(2) on all other parties no later than **July 20, 2018.**

JURY TRIAL SCHEDULING ORDER ~ 3

(c)  The parties may modify the deadline for exchange of expert disclosures by joint stipulation filed with the Court; a motion is not required.

(d)  Pretrial disclosure of the identity of all other persons shall conform to the requirements of Fed. R. Civ. P. 26(a)(1) (persons with relevant knowledge) and 26(a)(3) (witnesses).

**5.  *Discovery***

(a)  All discovery shall be completed on or before **August 17, 2018**.

(b)  The parties shall file no discovery except as necessary to support motions.

**6.  *Dispositive Motions and Motions to Exclude Expert Testimony***

(a)  All dispositive motions and motions challenging the admissibility of expert opinion testimony on the basis of *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), shall be filed and served by **September 7, 2018**.

(b)  As with all motions filed in this case, dispositive motions and *Daubert* motions shall comply with the page and time limits set forth in LR 7.1(b), (c), (e), and (h).

(c)  If the party challenging expert testimony anticipates that an evidentiary hearing shall be required, the party shall so advise the Court and opposing counsel in conjunction with the filing of its *Daubert* motions.  The

JURY TRIAL SCHEDULING ORDER ~ 4

party shall describe the nature of the evidence to be presented and provide an

estimate of the amount of time required for the hearing.

(d)  The party seeking to exclude the testimony of an expert shall attach

a copy of the Rule 26(a)(2) report produced by the expert to the *Daubert*

motion.

**7.**    ***Settlement Status***

(a)  By **October 5, 2018**, the parties shall file a Settlement Status

Certificate stating whether they would be in agreement to schedule mediation

with one of the court's senior judges or full-time magistrate judges.

(b)  If the parties fail to file a Settlement Certificate by the date given,

the parties shall appear before the Court for a telephonic status conference on

**October 12, 2018, at 9:30 a.m.** to discuss the prospect of a settlement

conference.  This hearing shall take place only if the parties fail to file the

Settlement Certificate, in which case the parties shall call the Court's toll-free

conference line at **(888) 363-4749** and enter **access code 6699898#**.  Please

listen carefully and follow the automated instructions so that you can be added

to the conference in a timely manner.  **Speaker phones are not compatible**

**with the Court's sound system and may not be used**.

/ / /

/ / /

/ / /

JURY TRIAL SCHEDULING ORDER ~ 5

**8.**    *Exhibit and Witness Lists*

(a)  Exhibit lists and witness lists shall be filed and served and exhibits made available for inspection (or copies provided), on or before **December 6, 2018**.

(b)  The witness list shall include identification of each witness's testimony.  For any expert witness included on the witness list, the proffering party shall e-mail the Rule 26(a)(2) report to the Court at petersonorders@waed.uscourts.gov.

(c)  Objections to the opposing party's witness and exhibit lists and any accompanying briefs shall be filed and served on or before **December 13, 2018**.

(d)  Responses, if any, to objections to witnesses and exhibits shall be filed and served on or before **December 20, 2018**.

(e)  Where feasible, all exhibits identified in depositions shall be pre-marked with the exhibit numbers that will be used at trial.  Plaintiffs' trial exhibits are to be numbered 1 through 199; Defendant's exhibits are to be numbered 200 and following.

(f)  The parties shall prepare a pretrial exhibit stipulation that contains each party's numbered list of all trial exhibits with the opposing party's objections to each exhibit, including the basis of the objection and the offering party's brief response.  All exhibits to which there is no objection shall be

deemed admitted, subject to any objections at trial that could not be raised in advance.

(g)  The pretrial exhibit stipulation shall be substantially in the following form:

**Pretrial Exhibit Stipulation**

**Plaintiffs'/Defendant's Exhibits**

| Exhibit No. | Description | If Objection, State Grounds | Response to Objection |
|---|---|---|---|

(h)  The pretrial exhibit stipulation shall be filed on **December 20, 2018**.  Failure to comply with this paragraph could be deemed to constitute a waiver of all objections.  Do not submit blanket or boilerplate objections to the opposing party's exhibits.  These will be disregarded and overruled.

(i)  Objections to exhibits and witnesses shall be heard at the pretrial conference.

(j)  Copies of exhibits to which there are objections shall be provided to the Court on or before **December 20, 2018**.  Parties shall submit these exhibits on a flashdrive or disk.

(k)  The Court utilizes JERS (Jury Evidence Recording System) to allow evidence admitted for a trial to be viewed electronically via touchscreen monitor in the jury deliberation room upon the conclusion of the trial.  Please note that the jury will receive a verbatim copy of the JERS exhibit list.  Please

JURY TRIAL SCHEDULING ORDER ~ 7

carefully review and follow the instructions provided.  A disk or flashdrive containing all proposed exhibits must be provided to the Court no later than 7 days preceeding trial.  JERS Instruction Sheet for Attorneys

**9.**    ***Designation of Testimony***

(a)  Designation of substantive, as opposed to impeachment, deposition testimony shall be by highlighting and shall be served upon opposing counsel, but not filed, on or before **December 6, 2018**.

(b)  Cross-designations by highlighting in a different color shall be served, but not filed, on or before **December 13, 2018**.

(c)  Objections to any designated deposition testimony shall be filed and served on or before **December 20, 2018**, and shall be heard and resolved at the pretrial conference.

(d)  Copies of designations to which there are objections shall be provided to the Court on or before **December 20, 2018**.

**10.**    ***Motions in Limine***

(a)  All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by Motions in Limine to be filed and served on or before **December 21, 2018**.

(b)  Responses shall be filed and served on or before **December 28, 2018**.

(c)  Replies shall be filed and served on or before **January 4, 2019**.

(d)  Motions in Limine shall be noted for hearing at the pretrial conference.

**11.**   *Pretrial Order*

(a)  A joint Pretrial Order, prepared in accordance with the format provided in LR 16.1(b) shall be filed on or before **January 10, 2019**, and a copy e-mailed in Word format to the Court at petersonorders@waed.uscourts.gov.  The Court will *not* accept individually filed pretrial orders.

(b)  Any facts that are agreed upon by the parties and require no proof must be submitted to the Court prior to trial as written stipulations.

(c)  The list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above in paragraph 8(e).

(d)  In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

**12.**   *Trial Briefs and Proposed Voir Dire* shall be filed by **January 10, 2019**.

**13.**   *Jury Instructions*

No later than **January 10, 2019**, the parties shall:

(a)  Confer regarding jury instructions and file jointly proposed jury instructions and a table of proposed jury instructions.

JURY TRIAL SCHEDULING ORDER ~ 9

(b)  The jointly proposed jury instructions should address only issues that are unique to this case and shall include instructions regarding the elements of each count, any necessary definitions, and a proposed verdict form.

(i)  All instructions shall be short, concise, understandable, and neutral statements of the law.  Argumentative instructions shall not be submitted or given.

(ii)  The parties shall provide the Court electronically with a table of proposed, cited Jury Instructions.  This table shall include:

(a)  The instructions on which the parties agree;

(b)  The instructions that are disputed; and

(c)  The basis of any objection.

(d)  The jury instruction table shall be substantially in the following form:

| Proposed by: | Instruction # | 9th Cir. Cite | Objection | Response to Objection |
|---|---|---|---|---|

(c)  In addition to the jury instruction table, each party shall address any objections they have to instructions proposed by any other party in a memorandum which identifies the specific portion of any proposed instruction to which they object and shall concisely state the basis for the objection.

JURY TRIAL SCHEDULING ORDER ~ 10

(d)  If any proposed instruction is a modified version of model instructions, the parties shall identify the modification and legal authority for the modification.

(e)  Objections asserting that an instruction sets forth an incorrect or inappropriate statement of law shall cite specific legal authority supporting the objection.

(f)  Failure to file an objection and supporting memorandum may be construed as consent to the adoption of an instruction proposed by another party.

**14.**    *Court Dates*

(a)  An in-person pretrial conference will be held on **January 22, 2019,** at **1:30 p.m.** in **Spokane**, Washington.

(b)  The **jury** trial shall commence on **February 4, 2019**, at **9:00 a.m.** in **Spokane,** Washington.  Counsel estimates a trial length of **ten (10) days**.

**15.**    The Court requires that the following be submitted to the courtroom deputy clerk no later than noon on **January 28, 2019**:

(a)  The original binder of exhibits together with three discs or flash drives containing copies of the same.  Exhibits for presentation at trial shall be placed in a tabbed binder indexed by exhibit number with exhibit tags placed consistently on the bottom right corner of each exhibit.

(b)  One copy of a final joint exhibit list.    Joint Exhibit List Form

JURY TRIAL SCHEDULING ORDER ~ 11

1    (c)  One copy of witness lists in the order in which the witnesses are

2  expected to be called to testify.

3    **16**.    Pursuant to Fed. R. Civ. P. 16, this schedule shall not be modified

4  unless the Court finds good cause to grant leave for modifications.  Fed. R. Civ. P.

5  16(f) provides for sanctions for failure to obey the Scheduling Order.

6    **IT IS SO ORDERED**.  The District Court Clerk is hereby directed to enter

7  this Order and to provide copies to counsel.

8    **DATED** this December 27, 2017.

9                                                        *s/ Rosanna Malouf Peterson*
                                                          ROSANNA MALOUF PETERSON
10                                                       United States District Judge

11

12

13

14

15

16

17

18

19

20

21

JURY TRIAL SCHEDULING ORDER ~ 12