FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 21, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD W. ROUSH and JAMES H. HUNTER,<br><br>      Plaintiffs,<br><br> v.<br><br>AKAL GROUP OF COMPANIES, LLC, doing business as Akal Security, Inc.,<br><br>      Defendant. | NO: 2:17-CV-358-RMP<br><br>PROTECTIVE ORDER |

  BEFORE THE COURT is a proposed protective order from Defendant Akal Group of Companies, LLC ("Akal"), ECF No. 38 (Notice of Filing of Proposed Protective Order). The Court has reviewed the parties' filings and is fully informed.

  On July 31, 2018, the Court stayed discovery in this matter with the exception of responses from Defendant to two discovery requests from Plaintiffs, which Plaintiffs contend may be relevant to whether Defendant Akal is subject to personal jurisdiction in Washington. ECF No. 37. The existence of personal jurisdiction over Defendant is at issue in Defendant's pending motion to dismiss, ECF No. 26.

PROTECTIVE ORDER ~ 1

Defendants have agreed to provide material responsive to Plaintiffs' requests, subject to a protective order. Plaintiffs request the following:

(1) "One copy of Akal's contract with AWD Management Services related to the Kansas City International Airport bid."

(2) "All documents, including correspondence, e-mail or data in electronic form that relates to communications between Akal and AWD from the period August 1, 2012 to December 31, 2013 that identify or make reference to Plaintiffs."

ECF No. 32 at 2; *see also* ECF No. 37 at 5.

This Court requested a proposed protective order from Defendant, and provided Plaintiffs an opportunity to review the proposed order and respond. In their response, Plaintiffs oppose the proposed protective order language on the ground that it "is not limited in scope to the information sought in Plaintiffs' two discovery requests" and instead "appears to include all information produced by Akal in this case, whether confidential or not." ECF No. 39 at 1.

The proposed protective order, by its own terms, protects all discovery materials "believed to contain confidential and/or proprietary information." *See* ECF No. 38 at 1. Plaintiffs' two discovery requests are the only discovery that shall proceed in this matter until the Court resolves the pending motion to dismiss. *See* ECF No. 37 at 5. If the Court finds that there is personal jurisdiction over

Defendant, and lifts the stay of discovery, Plaintiffs may move to modify the protective order, as appropriate, at that time.

Accordingly, **IT IS HEREBY ORDERED** that the following protective order shall be entered, and Defendant shall provide discovery to Plaintiffs within one week, **by August 28, 2018**, as provided by the Court's prior order at ECF No. 37 at 6. If Plaintiffs find information in the discovery responses that is pertinent to the issue of jurisdiction, Plaintiffs may file a sur-reply to Defendant's motion to dismiss, no later than September 5, 2018.

## Protective Order

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered as follows:

1. This "Protective Order" ("Order") shall govern all discovery materials (including testimony, interrogatories, responses, documents, writings, drawings, graphs, charts, photographs, and electronic materials) believed to contain confidential and/or proprietary information (referred to as "Confidential Material") produced by Defendant Akal. "Confidential Material" shall include, but not be limited to, all financial information and data and testimony regarding, related to or in any way connected with Akal, or any of its affiliated companies, firms, partnerships, associations or corporations, and personnel information regarding non-parties.

2. Documents and things deemed by Akal to be "Confidential Material" shall be Bates-stamped with a designation of "C" preceding the Bates number or stamped "Confidential" so as to clearly indicate their status as "Confidential Material" documents. Testimony deemed by Akal to be "Confidential Material" shall be so designated on the record of such testimony.

3. All information, testimony and documents deemed "Confidential Material" shall be used solely in connection with, and for the exclusive purpose of, pre-trial proceedings, preparation for trial, trial or other proceedings **in this litigation only, and not for any other purpose**. "Confidential Material" "Confidential Material" shall not be divulged or disclosed to anyone or to any entity other than "Qualified Persons" (as defined in Paragraph 4 of this "Order") and "Additional Persons" who have satisfied the prerequisites to receive "Confidential Material" (said prerequisites being contained in Paragraph 6 of this "Order").

4. "Confidential Material" and documents and any copies thereof, and notes made therefrom, shall be disclosed only to "Qualified Persons." "Qualified Persons" are limited to:

    a. the parties to this lawsuit;

    b. the parties' counsel of record and the paralegals and clerical staff employed by the parties' counsel of record for the preparation of and/or trial of this action;

    c. the parties to this lawsuit's expert witnesses (if any); and

PROTECTIVE ORDER ~ 4

    d. this Court and all of this Court's personnel, including court reporters, in the conduct of their official duties.

  5. Plaintiffs Ronald W. Roush and James H. Hunter shall keep all "<u>Confidential Material</u>" confidential, and they shall not provide, publish or communicate the "<u>Confidential Material</u>" in any manner or medium to anyone other than "<u>Qualified Persons</u>" or "<u>Additional Persons.</u>" If Plaintiffs, or either of them, fail to abide by the terms of the Court's "*Protective Order*," the Court may impose sanctions, including sanctions by way of contempt of court, for such a failure.

  6. If Plaintiffs desire to provide "<u>Confidential Material</u>" to anyone other than "<u>Qualified Persons</u>" (who are referred to in this document as "<u>Additional Person(s)</u>"), then counsel for Akal shall be provided five (5) business days prior notice of: **(i)** Plaintiffs' intent to provide such "<u>Confidential Material</u>" to the "<u>Additional Person(s)</u>," **(ii)** the name, address and telephone number of the "<u>Additional Person(s)</u>," and **(iii)** a copy of a "<u>Written Assurance</u>" in the form of Exhibit "A," attached hereto, that has been executed by the "<u>Additional Person(s)</u>," without changes. If counsel for Defendant serves an objection with the Court within that five (5) day period, then such "<u>Confidential Material</u>" shall **not** be disclosed, divulged or provided to the "<u>Additional Person(s)</u>" unless and until authorized by the Court. If Akal does not object to the production of the "<u>Confidential Material</u>" to the "<u>Additional Person(s)</u>," or if the Court rules that such "<u>Confidential Material</u>" is to be provided to the "<u>Additional Person(s)</u>," then the executed "<u>Written

1 Assurance" of the "Additional Person(s)" shall be immediately filed with the Clerk of the United States District Court for the Eastern District of Washington, by Plaintiffs and served upon counsel for Defendant.

7. This "Order" prohibits the disclosure of "Confidential Material" and prohibits the discussion of such "Confidential Material" with any person to whom disclosure is not specifically authorized pursuant to this "Order."

8. "Confidential Material" material may be referred to, or incorporated, in documents filed with this Court only if the documents that refer to, or incorporate, "Confidential Material" material that are being filed with the Court Clerk are sealed and prominently marked "*Confidential documents subject to Protective Order entered by the United States District Court for the Eastern District of Washington*" before being filed. The parties agree to undertake in good faith to negotiate mutually acceptable procedures to protect against disclosure of "Confidential Material" material in connection with any hearing regarding this action and/or the trial of this action. The parties acknowledge that this Court has the ultimate authority to determine what protections will be granted during the presentation of evidence at the trial of this matter.

9. Within thirty (30) days of the final termination of this action, "Confidential Material" material (including all copies) and each document and copy thereof that incorporates (in whole or in part) any information designated as

"Confidential Material" material shall be returned to: Timothy M. Threadgill, Butler Snow LLP, Post Office Box 6010, Ridgeland, Mississippi 39158-6010.

10. The restrictions contained herein with respect to the communications and disclosure to others of "Confidential Material" material shall continue in full force and effect during the pendency and following the conclusion of this case, and shall be duly binding upon everyone who receives "Confidential Material" material, his/her/their counsel and his/her/their employees.

11. Nothing in this "Order" shall diminish the parties' right to contend that the documents or information produced herein without a designation of Confidential are nonetheless confidential, proprietary, and/or subject to appropriate protection under the law. The procedures established by this "Order" are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document or information or to contest a party's designation of a document or information as confidential.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** August 21, 2018.

                                     *s/ Rosanna Malouf Peterson*
                                   ROSANNA MALOUF PETERSON
                                        United States District Judge