FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 29, 2018

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD W. ROUSH and JAMES H. HUNTER,<br><br>                Plaintiffs,<br><br>  v.<br><br>AKAL GROUP OF COMPANIES, LLC, doing business as Akal Security, Inc.,<br><br>                Defendant. | NO: 2:17-CV-358-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is a "Motion to Dismiss for Lack of Personal Jurisdiction, and in the Alternative, to Transfer to the United States District Court for the District of New Mexico," ECF No. 26, by Defendant Akal Group of Companies, LLC ("Akal"). Akal is represented by counsel in this matter, while Plaintiffs Ronald Roush and James Hunter are proceeding *pro se*. Having carefully considered the parties' briefing addressing Defendant's motion, the Court finds that it may exercise specific personal jurisdiction over Akal and, thus, denies Akal's motion to dismiss or transfer the matter to another District.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~1

# BACKGROUND

*Jurisdictional Facts*

Plaintiffs claim that Defendant tortiously misappropriated their professional identities to obtain a contract to provide screening services for the United States Transportation Security Administration (the "TSA") at the Kansas City International Airport. Plaintiffs also seek damages for intentional infliction of emotional distress by Defendants.

Defendant Akal is a security services company based in Espanola, New Mexico. In or around 2012, Akal submitted a bid to the TSA, in Virginia, to provide aviation security services at the Kansas City International Airport ("MCI") in Missouri. ECF No. 26-2. AWD Management Services, Inc. ("AWD") is an administrative services company that was to serve as subcontractor in the event that Akal secured the MCI contract from TSA. Plaintiffs allege that they each received telephone calls, on approximately September 5, 2012, from two individuals identifying themselves as representing Akal and AWD, respectively, who offered Plaintiffs employment with AWD contingent upon contract award. ECF Nos. 31-1 and 31-2. Plaintiffs further allege that the Akal and AWD representatives requested a resume from Mr. Roush and information from Mr. Hunter detailing his "experience handling classified contracts and materials." *Id.* Also on approximately September 5, 2012, AWD sent Plaintiffs letters expressing an intent to hire Plaintiffs

contingeny upon the award of the MCI contract, and subject to [Plaintiffs'] satisfactory completion of all standard hiring requirements and procedures, including but not limited to verification of all employment and personal references, verification of licensure (where appropriate), fulfillment of health assessment procedures (where applicable), and [sic] successful completion of testing for the illegal use of drugs (where applicable), and background check.

ECF Nos. 26-3 (Intent to Hire letter to Mr. Roush) and 26-4 (Intent to Hire letter to Mr. Hunter).

In approximately February 2014, TSA awarded the MCI contract to Defendant Akal. ECF No. 20 at 6. However, another bidder for the MCI contract challenged Akal's successful bid. *Id.* By that point, Synergy Solutions, Inc. ("Synergy"), instead of AWD, was in charge of hiring and payroll for the positions that Plaintiffs had been offered on a contingency basis. *See* ECF Nos. 26-5

In approximately October 2014, in-house counsel for Synergy Solutions, Inc. sent a letter to Plaintiffs rescinding the offers of employment made through AWD's September 2012 "Intent to Hire" letters. ECF No. 26 at 4; 26-7.

***Additional Jurisdictional Discovery***

At Plaintiffs' request, the Court allowed limited discovery on the issue of whether Defendant Akal is subject to personal jurisdiction in Washington. ECF No. 37. Specifically, the Court allowed discovery to proceed with respect to two requests for production from Plaintiffs:

(1) "One copy of Akal's contract with AWD Management Services related to the Kansas City International Airport bid"; and

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~3

(2) "All documents, including correspondence, e-mail or data in electronic form that relates to communications between Akal and AWD from the period August 1, 2012 to December 31, 2013 that identify or make reference to Plaintiffs."

ECF No. 32 at 2.

After receiving the above-referenced discovery, pursuant to a protective order, Plaintiffs submitted a copy of a bid proposal referring to Plaintiffs as well as a third Washington resident as the "Key Personnel" for the work to be performed under the contract, in the event the bid was accepted. ECF No. 41 at 17. An "Akal Program Management Organizational Chart" lists Plaintiffs and two other Eastern Washington residents as four of six personnel in the chart. ECF No. 41 at 19.

Plaintiffs also submitted copies of three additional "Intent to Hire" letters that AWD allegedly sent to Eastern Washington residents other than Plaintiffs after calling those individuals and requesting from them documentation of their aviation security qualifications. ECF No. 41 at 3.

**LEGAL STANDARD**

Plaintiffs bear the burden of demonstrating that the Court may exercise specific jurisdiction over Defendant. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix*

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~4

*Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). To withstand a motion to dismiss, a plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003).

The exercise of personal jurisdiction must satisfy the requirements of the long-arm statute of the state in which the Court sits and the constitutional requirements of due process. *See Omeluk v. Langsten Slip and Batbyggeri A/S*, 52 F.3d 267 (9th Cir. 1995). Washington's long-arm statute, RCW 4.28.185, extends personal jurisdiction over nonresident defendants and foreign corporations to the limits of federal due process. *Schute v. Carnival Cruise Lines*, 113 Wn.2d 763, 766–67 (Wash. 1989). Constitutional due process is satisfied when a nonresident defendant has "certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional conceptions of fair place and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The minimum contacts must be of a nature that a defendant "should reasonably anticipate being haled into court" in the forum state. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

The central inquiry for purposes of federal due process is the nature of the relationship between the defendant, the forum, and the litigation. *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). Minimum contacts may establish personal jurisdiction through two approaches: general and specific. *See Easter v. American West Fin.*, 381 F.3d 948, 960 (9th Cir. 2004).

A court may subject a non-resident defendant to general personal jurisdiction when "continuous corporate operations with a state [are] thought so substantial . . . as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe*, 326 U.S. at 318. Defendant's contacts with the forum state must "approximate physical presence." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (noting that the minimum contacts test "is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.").

If general personal jurisdiction is absent, a court may exercise specific personal jurisdiction upon satisfaction of the following test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum thereby invoking the benefits and protections of its laws;
(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~6

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If the plaintiff meets that burden, the burden shifts to the defendant to make a "compelling case" that the exercise of jurisdiction is unreasonable. *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotation marks omitted)).

## DISCUSSION

### *General Jurisdiction*

Plaintiffs assert that the Court has general personal jurisdiction over Defendant because "Akal has had a substantial business presence in Washington for a number of years." ECF No. 31 at 5. Plaintiffs offer as support:

- Akal's entry into a collective bargaining agreement with a security officers' union in Seattle, Washington, in 2002;

- a contract awarded to Akal by the United States Department of Defense in 2003 to provide security guard services in Fort Lewis, Washington and Fort Riley, Kansas, until 2004;

- contracts awarded to Akal by the United States Marshals for security services in Washington state for each year from 2007 to 2014, with six of those contract awards listing Spokane as the primary place of performance; and

- citations to three cause numbers for lawsuits, filed in 2002, 2006, and 2008, in which Akal was named as a Defendant in the Western District of Washington

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~7

and did not move to dismiss the actions on the basis of lack of personal jurisdiction.

ECF No. 31 at 5–6.

Without reviewing each docket for the Western District of Washington, the Court finds that the mere absence of motions to dismiss for lack of personal jurisdiction does not support a finding of general jurisdiction here. Plaintiffs have not shown that personal jurisdiction over Akal, in cases that were filed over ten years ago, was premised on general, rather than specific personal jurisdiction in those cases or that there was any determination in those cases that Akal's contacts with Washington were substantial enough to "approximate physical presence." *See Schwarzenegger*, 374 F.3d at 801.

The Court further finds that the other contacts recited by Plaintiffs are insufficient to support general jurisdiction. Even marketing efforts combined with hiring a non-exclusive sales agent in California were insufficient contacts to establish general personal jurisdiction. *Congoleum Corp. v. DLW Aktiengesellschaft*, 729 F.2d 1240, 1243 (9th Cir. 1984) (holding that "no court has ever held that the maintenance of even a substantial sales force within the state is a sufficient contact to assert [general] jurisdiction."). Therefore, the Court does not find that Defendant's contacts with Washington were so pervasive as to "approximate physical presence" in the state to support the exercise of personal

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~8

jurisdiction in an action unrelated to those contacts. *See Schwarzenegger*, 374 F.3d at 801.

### *Specific Jurisdiction*

At the first part of the specific jurisdiction test, courts in the Ninth Circuit ask, in cases sounding in tort, whether the nonresident defendant purposely directed activity at the forum. *Washington Shoe Co. v. A-Z Sporting Goods, Inc.*, 704 F.3d 668, 672–73 (9th Cir. 2012).

Defendant emphasizes that the Supreme Court held in *Walden v. Fiore* that, "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." 571 U.S. 271, 290 (2014); ECF No. 35 at 10. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id.*

While the Court recognizes that conduct that merely affects plaintiffs with ties to the forum state is not enough to create jurisdiction, Defendant did not rebut Plaintiff's allegation that an Akal employee, as well as an AWD employee, specifically reached out by telephone to Plaintiffs and other individuals in Eastern Washington to interview them for potential employment and solicit materials from them demonstrating their qualifications and experience. Plaintiffs and Defendant then dispute the propriety of Akal's use of those materials related to securing the TSA contract. The common thread connecting the "Key Personnel" listed in the

contract bid is that more than half of them, or all of them, depending on which document accurately reflects what Akal submitted to TSA, are individuals who were allegedly contacted in Eastern Washington by Akal and AWD and from whom Akal and AWD allegedly solicited documentation of their qualifications.

The Court further finds that the second factor in determining specific jurisdiction is met because Plaintiffs' claims of intentional wrongdoing by Defendant results from those initial September 2012 contacts. Defendant allegedly solicited from Plaintiffs the information that Plaintiffs allege Defendant misused; the solicitation of the information was an activity related to this forum. *See Hanson v. Denckla*, 357 U.S. 235, 250–53 (1958) (holding that the cause of action must "arise out of or have a substantial connection to the defendant's contacts with the forum).

Finally, the Court finds that Defendant does not present a compelling case that the exercise of jurisdiction would be unreasonable. Rather, Plaintiffs have made a persuasive argument that, having reached out to approximately five individuals in Eastern Washington to hire in the event that the contract bid was accepted, Defendant was in a position to anticipate being brought into this forum to defend against claims by two of those individuals of wrongdoing directly connected to those contacts.

The Court finds that the exercise of specific personal jurisdiction over Defendant is supported by law.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, and in the Alternative, to Transfer to the United States District Court for the District of New Mexico, **ECF No. 26**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Plaintiffs.

**DATED** October 29, 2018.

> *s/ Rosanna Malouf Peterson*
> ROSANNA MALOUF PETERSON
> United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO DISMISS~11