FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 28, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD W. ROUSH and JAMES H. HUNTER,<br><br>                    Plaintiffs,<br><br>   v.<br><br>AKAL GROUP OF COMPANIES, LLC, doing business as Akal Security, Inc.,<br><br>                    Defendant. | NO: 2:17-CV-358-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is a motion for reconsideration, ECF No. 48, by Defendant Akal Security, Inc. ("Akal") of the Court's denial of Defendant's prior motion to dismiss for lack of personal jurisdiction, or, in the alternative, motion to transfer to the United States District Court for the District of New Mexico. *See also* ECF Nos. 26 (Defendant's motion to dismiss) and 46 (Order denying motion to dismiss). Plaintiffs Ronald Roush and James Hunter, proceeding *pro se* in this matter, responded in opposition to Defendant's motion, ECF No. 54, and Defendant

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 1

replied, ECF No. 55. Having reviewed the parties' filings, the remaining record, and the relevant law, the Court is fully informed.

**BACKGROUND**

The Court previously found that specific personal jurisdiction over Defendant exists on the basis that Defendant purposely directed activity relevant to the claims at issue in this case at the Eastern District of Washington. Specifically, the Court found that Defendant "specifically reached out by telephone to Plaintiffs and other individuals in Eastern Washington to interview them for potential employment and solicit materials from them demonstrating their qualifications and experience." ECF No. 46 at 9. In dispute for purposes of Plaintiffs' tortious misappropriate and intentional infliction of emotional distress claims is "the propriety of [Defendant's] use of those materials related to securing the TSA contract." *Id.*

Defendant moves for reconsideration on the basis that the Court committed clear error in finding Defendant's contacts with this forum sufficient for personal jurisdiction in light of a *Walden v. Fiore*, 571 U.S. 271 (2014), because Plaintiffs' "mere status as Washington residents" is not a sufficient basis upon which to assert jurisdiction over Defendant. ECF No. 55 at 4. Defendant further asserts that the Court erroneously credited as true allegations that Plaintiffs were in Washington when they received the initial telephone call from Defendant and that Defendant knew that Plaintiffs were in Washington when Defendant initially reached out to Plaintiffs. *Id.* at 2.

Plaintiffs argue that Defendant raise for the first time in its motion for reconsideration "that there is no allegation or record evidence that Plaintiffs were in Eastern Washington at the time [Defendant] contacted them." ECF No. 54 at 2. Plaintiffs also maintain that Plaintiff's allegations that they were domiciled in Washington when Defendant reached out to them are in the Plaintiffs' amended complaint, ECF No. 20, and Plaintiffs' response to the motion to dismiss, ECF No. 31, and that Defendant itself filed as exhibits in this record the letters of intent sent to Plaintiffs at their Washington addresses in September 2012, ECF Nos. 26-3 and 26-4. *Id.* at 3. With respect to the Court's legal conclusions, Plaintiffs argue that Defendant's argument regarding "minimum contacts" under *Walden*, 571 U.S. 271, is merely a repetition of the same argument that the Court previously considered in resolving the motion to dismiss, inappropriately raises new arguments in a motion to reconsider, and that the Court rightly determined that Defendant's conduct was aimed at Washington. *Id.* at 3.

## LEGAL STANDARD

A motion for reconsideration under Fed. R. Civ. P. Rule 59(e) should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A litigant may not use a motion for reconsideration "to raise arguments or present evidence for the first time when they could reasonably have

been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, "[a] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Collegesource, Inc. v. Academyone, Inc.*, 2015 U.S. Dist. LEXIS 164550, at * 2 (S.D. Cal. Dec. 8, 2015).

"Granting a motion for reconsideration is a matter of judicial discretion and is considered to be an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *United States v. Bamdad*, 2017 U.S. Dist. LEXIS 197727, at *13 (C.D. Cal. May 3, 2017) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

## DISCUSSION

The Court agrees with Plaintiffs that Defendant could have, and should have, previously raised the argument that there was insufficient evidence in the record to support that Plaintiffs were in Washington when Defendant initially contacted them. *See Kona Enters., Inc.*, 229 F.3d at 890. Nonetheless, Defendant's new argument does not undermine the Court's finding that the record supports that Defendant directed its conduct at Washington, as Defendant does not dispute that the documentation attached to Defendant's motion to dismiss supports that Defendant mailed the letters of intent to Plaintiffs at their Washington addresses. ECF Nos. 26-3 and 26-4.

With respect to Defendant's argument that the Court's order was marred by a clear error of law, the Court thoroughly addressed Defendant's arguments whether minimum contacts were present under *Walden* in its prior order and finds no justification to revisit that analysis based on Defendant's instant motion. The Court did not conclude that specific jurisdiction was based solely on alleged injury to Plaintiffs as residents of the forum state. Rather, the Court found that Defendant's activities were expressly aimed at the forum state in part because all of the "Key Personnel" in the copy of the bid proposal were from Washington, and four out of six personnel in an "Akal Program Management Organizational Chart" are Eastern Washington residents. ECF No. 46 at 4 (citing ECF No. 41 at 17, 19). Those documents, combined with the letters of intent sent to Plaintiffs in Washington, support a conclusion that Defendant intentionally recruited individuals from Eastern Washington and, thus, purposefully directed its activities at the forum, rather than merely interacting with Plaintiffs as two individuals who happen to reside in Washington. Defendant's arguments in the motion for reconsideration do not undermine that Eastern Washington was a focal point of Defendant's recruitment efforts in preparation for submitting the bid proposal.

Defendant has not shown that the Court committed clear error or that granting the motion for reconsideration is warranted on any other basis.

/ / /

/ / /

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION ~ 5

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration, **ECF No. 48**, is **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel and to Plaintiffs.

**DATED** January 28, 2019.

                                         *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
                                       United States District Judge