FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 04, 2019

SEAN F. McAVOY, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WASHINGTON

RONALD W. ROUSH and
JAMES H. HUNTER,

        Plaintiffs,

    v.

AKAL GROUP OF COMPANIES,
LLC, d/b/a Akal Security, Inc.,

        Defendant.

No. 2:17-CV-0358-RMP

PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby ordered as follows:

    1.    This "Protective Order" ("Order") shall govern all discovery materials (including testimony, interrogatories, responses, documents, writings, drawings, graphs, charts, photographs, and electronic materials) believed to contain confidential and/or proprietary information (referred to as "Confidential Material") produced by Akal Security, Inc. (referred to herein as "Akal"). "Confidential Material" shall include, but not be limited to, all financial information and data and testimony regarding, related to or in any way connected with Akal, or any of its affiliated companies, firms, partnerships, associations or corporations, and personnel information regarding non-parties.

    2.    Documents and things deemed by Akal to be "Confidential Material" shall be Bates-stamped with a designation of "C" preceding the Bates number or stamped "Confidential" so as to clearly indicate their status as "Confidential Material" documents. Testimony deemed by Akal to be "Confidential Material" shall

PROTECTIVE ORDER - 1

be so designated on the record of such testimony. Documents that contain a mix of relevant and irrelevant information shall be redacted to protect the irrelevant information.

3. All information, testimony and documents deemed "<u>Confidential Material</u>" shall be used solely in connection with, and for the exclusive purpose of, pre-trial proceedings, preparation for trial, trial or other proceedings **in this litigation only, and not for any other purpose**. "<u>Confidential Material</u>" shall not be divulged or disclosed to anyone or to any entity other than "<u>Qualified Persons</u>" (as defined in Paragraph 4 of this "<u>Order</u>") and "<u>Additional Persons</u>" who have satisfied the prerequisites to receive "<u>Confidential Material</u>" (said prerequisites being contained in Paragraph 6 of this "<u>Order</u>").

4. "<u>Confidential Material</u>" and documents and any copies thereof, and notes made therefrom, shall be disclosed only to "<u>Qualified Persons</u>." "<u>Qualified Persons</u>" are limited to:

    a. the parties to this lawsuit;
    b. the parties' counsel of record and the paralegals and clerical staff employed by the parties' counsel of record for the preparation of and/or trial of this action;
    c. the parties to this lawsuit's expert witnesses (if any); and
    d. this Court and all of this Court's personnel, including court reporters, in the conduct of their official duties.

5. Plaintiffs Ronald W. Roush and James H. Hunter must, within ten (10) days of this Order, circulate non-work physical and e-mail addresses to counsel for Akal for transmission of any information related to this lawsuit. If Plaintiffs do not provide such addresses, Akal may produce documents to the Clerk of the Court for Plaintiffs to physically retrieve from the courthouse.

6. Further, Plaintiffs are not permitted to maintain any documents relative to this lawsuit on their work computers, in their work e-mail accounts, and on their

work servers, electronic storage (e.g. Cloud, Dropbox, etc.), hard drives, flash drives, or similar data storage device or mechanism.

7. Plaintiffs Ronald W. Roush and James H. Hunter shall keep all "Confidential Material" confidential, and they shall not provide, publish or communicate the "Confidential Material" in any manner or medium to anyone other than "Qualified Persons" or "Additional Persons." If Plaintiffs, or either of them, fail to abide by the terms of the Court's "*Protective Order*," the Court may impose sanctions, including sanctions by way of contempt of court, for such a failure. If Plaintiffs desire to provide "Confidential Material" to anyone other than "Qualified Persons" (who are referred to in this document as "Additional Person(s)"), then counsel for Akal shall be provided five (5) business days prior notice of: **(i)** Plaintiffs' intent to provide such "Confidential Material" to the "Additional Person(s)," **(ii)** the name, address and telephone number of the "Additional Person(s)," and **(iii)** a copy of a "Written Assurance" in the form of Exhibit "A," attached hereto, that has been executed by the "Additional Person(s)," without changes. If counsel for Akal serves an objection with the Court within that five (5) day period, then such "Confidential Material" shall **not** be disclosed, divulged or provided to the "Additional Person(s)" unless and until authorized by the Court. If Akal does not object to the production of the "Confidential Material" to the "Additional Person(s)," or if the Court rules that such "Confidential Material" is to be provided to the "Additional Person(s)," then the executed "Written Assurance" of the "Additional Person(s)" shall be immediately filed with the Clerk of the United States District Court for the Eastern District of Washington, by Plaintiffs and served upon counsel for Akal.

8. This "Order" prohibits the disclosure of "Confidential Material" and prohibits the discussion of such "Confidential Material" with any person to whom disclosure is not specifically authorized pursuant to this "Order."

///

PROTECTIVE ORDER - 3

9. "Confidential Material" material may be referred to, or incorporated, in documents filed with this Court only if the documents that refer to, or incorporate, "Confidential Material" material that are being filed with the Court Clerk are sealed and prominently marked "*Confidential documents subject to Protective Order entered by the United States District Court for the Eastern District of Washington*" before being filed. The parties agree to undertake in good faith to negotiate mutually acceptable procedures to protect against disclosure of "Confidential Material" material in connection with any hearing regarding this action and/or the trial of this action. The parties acknowledge that this Court has the ultimate authority to determine what protections will be granted during the presentation of evidence at the trial of this matter.

10. Within thirty (30) days of the final termination of this action, "Confidential Material" material (including all copies) and each document and copy thereof that incorporates (in whole or in part) any information designated as "Confidential Material" material shall be returned to: Timothy M. Threadgill, Butler Snow LLP, Post Office Box 6010, Ridgeland, Mississippi 39158-6010. All documents produced by Akal that are produced electronically shall be deleted immediately following the final termination of this action, and Plaintiffs shall supply a written, sworn affidavit confirming they complied with this requirement to defense counsel as designated at the conclusion of this action.

11. The restrictions contained herein with respect to the communications and disclosure to others of "Confidential Material" material shall continue in full force and effect during the pendency and following the conclusion of this case, and shall be duly binding upon everyone who receives "Confidential Material" material, his/her/their counsel and his/her/their employees.

12. Nothing in this "Order" shall diminish the parties' right to contend that the documents or information produced herein without a designation of Confidential are nonetheless confidential, proprietary, and/or subject to appropriate protection

PROTECTIVE ORDER - 4

under the law. The procedures established by this "Order" are intended to be cumulative and in addition to any party's right to seek any further or different protection from the Court for any document or information or to contest a party's designation of a document or information as confidential.

DATED November 4, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER - 5